**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 3, 2021**

# In the Court of Appeals of Georgia

A20A2041. LYONS v. THE STATE.

PHIPPS, Senior Appellate Judge.

In 2012, a jury found Deuntria Lyons guilty of six counts of armed robbery and one count of aggravated battery. Following the denial of his motion for new trial, Lyons appeals his convictions. His pro se appellate brief enumerates 49 errors, nearly all of which require consideration of the evidence presented at trial. Because Lyons asserted below that the transcript does not accurately reflect what transpired at trial and because the trial court erred by failing to follow the procedural requirements of OCGA § 5-6-41 (f) to resolve any difference, we vacate the trial court's order denying Lyons' motion for new trial and remand the case to the trial court. We decline to rule on Lyons' remaining enumerations of error until any questions regarding the transcript have been resolved.

The record shows that following his convictions, Lyons filed a timely motion for new trial, which he amended several times. At a hearing on his amended motion for new trial in May 2019, Lyons indicated to the trial court that he was no longer satisfied with his appellate counsel and discharged him in open court. At a status hearing in October 2019, Lyons told the trial court that he had not been able to hire another attorney and that he wanted to proceed pro se. Lyons informed the trial court that he did not have his trial transcript and asked the trial court to take his case off of the superior court docket indefinitely until he received the transcript and filed his amended grounds for his motion for new trial. The trial court stated that it could not "let the case just sit," so it would set the hearing on the motion for new trial in approximately 120 days, which would give Lyons time to obtain and study the transcript. The trial court told Lyons that after he read the transcript, he would need to amend his motion for new trial to add his grounds, and then the trial court would hear the motion. On November 12, 2019, the trial court issued an order scheduling a hearing on Lyons' motion for new trial for February 21, 2020.

Lyons filed a motion requesting the trial transcript on December 13, 2019. One month later, on January 13, 2020, the trial court ordered the clerk of the superior court to provide Lyons with a certified copy of his trial transcript. On February 18, 2020,

2

Lyons filed a motion objecting to the trial transcript. Lyons stated in his motion that he could not amend the grounds for his motion for new trial because of the errors in the trial transcript and requested that he be able to amend his grounds after the corrections of the transcript were made. The same day, Lyons filed a motion requesting a hearing on his objection to the trial transcript, citing OCGA § 5-6-41. In the motion, Lyons requested that witnesses be subpoenaed if needed to supplement the record.

At the scheduled motion for new trial hearing on February 21, 2020, the State informed the trial court that Lyons had filed a motion objecting to the trial transcript and a motion requesting a hearing on his objection to the trial transcript. The State noted that it had not actually received service copies of the motions, but had obtained them through the clerk's file management website and was ready to address them. The trial court then indicated that it would hear from Lyons on the motion objecting to the trial transcript. Lyons indicated that he did not have the motion he had filed with the clerk, but he had a detailed listing with all of the errors in the transcript. According to Lyons, "a lot of the transcript was altered, a lot of things were omitted from the record." Lyons told the trial court that he was going to file a new motion with specific details so the district attorney would have notice of every error and could argue them

3

with Lyons. The State expressed doubt that the court reporter would have inaccurately transcribed the trial transcript and pointed out that the court reporter who took down Lyons' trial was not present. When the trial court asked Lyons if he had anything else he wished to say, Lyons informed the trial court that he had not received many of the trial exhibits, and that he had never been "furnished with a witness list to serve people that testified at trial." The trial court denied Lyons' motion objecting to the trial transcript.

Lyons informed the trial court that he had another pending motion requesting a hearing on his objection to the trial transcript, and that, pursuant to OCGA § 5-6-41, if he filed a motion pertaining to errors in the trial transcript, the trial court was supposed to hold a hearing. The trial court told Lyons that he was "having [the hearing] right now." Lyons protested that he had not "been able to put on the record all the errors in the transcript." Lyons also pointed out that the trial court had not put him on notice that the court was going to hear the motions relating to the trial transcript because the trial court's order indicated that the February 21 hearing was for the motion for new trial. At the State's suggestion, the trial court allowed Lyons to put on the record the errors he claimed were in the transcript. Lyons took the

4

opportunity to describe at least 21 instances in the transcript he believed were inaccurate.

Lyons then argued his motion for new trial, repeatedly commenting that the hearing should be rescheduled until the transcript discrepancies were resolved. After hearing argument from the State, the trial court denied Lyons' motion for new trial.

In the trial court's March 4, 2020 written order denying Lyons' motion for new trial, the trial court addressed Lyons' complaints about his trial transcript as follows:

> [Lyons] asserts that his trial transcripts have been erroneously transcribed or altered to his detriment in numerous ways. To the extent these arguments bear on [Lyons'] *Amended Motion for New Trial*, the Court notes that [Lyons'] trial was taken down by a licensed court reporter and the transcripts were filed with accompanying certifications that they were true, correct, and complete. A transcript filed in this way is presumed to be accurate. [See OCGA § 15-14-5.] In the absence of any actual evidence to the contrary, the Court will follow that presumption.

This appeal followed.

1. Lyons contends that the trial court failed to follow the proper OCGA § 5-6-41 procedures regarding his motions objecting to the trial transcript and requesting

a hearing on his objections. Specifically, Lyons argues that the trial court erred by not setting a hearing with notice to both parties. We agree.

OCGA § 5-6-41 (f) provides that when a party asserts the transcript or record does not truly or fully disclose what transpired in the trial court, and the parties are unable to agree on what actually transpired during trial, "the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth."

> Because it is critical that the certified trial transcript reviewed by an appellate court speak the truth so that the appellate court can conduct its review with the knowledge that the transcript accurately reflects what took place in the trial court, Georgia law authorizes a trial court to conduct a hearing when a party contends the transcript does not fully disclose what took place and to resolve the difference so as to make the record conform to the truth.

*State v. Nejad*, 286 Ga. 695, 697 (1) (690 SE2d 846) (2010) (citation and punctuation omitted). "Where the correctness of the record is called into question the matter is to be resolved by the trial court. The goal is that the case be decided according to true and complete facts as they occurred in the trial court." Id. (citations and punctuation omitted). See also *Ross v. State*, 245 Ga. 173, 176-177 (4) (263 SE2d 913) (1980)

6

(appellate court relied on transcript as corrected by trial court after hearing during which a portion of the court reporter's tape recording was played).

In his motion objecting to the trial transcript, Lyons contended that there were errors in the trial transcript. And, clearly, the parties had not reached any agreement regarding Lyons' claims of error in the transcript. When this occurred, the trial court was obligated under OCGA § 5-6-41 (f) to hold a hearing and resolve any discrepancies. The trial court's reliance on the presumption of a transcript's accuracy in OCGA § 15-14-5 was misplaced. The statute indicates that this presumption is subject to the "right of the trial judge to change or require the correction of the transcript[.]" Thus, the presumption can be rebutted during an OCGA § 5-6-41 (f) hearing. However, the trial court in this case never "set the matter down for a hearing with notice to both parties" as required by OCGA § 5-6-41 (f). Instead, the court required Lyons to argue his motion objecting to the trial transcript at the previously scheduled February 21, 2020 hearing. Consequently, the trial court did not comply with OCGA § 5-6-41 (f).

Given the trial court's failure to properly address Lyons' motion objecting to the trial transcript, and the necessity of a record that conforms to the truth before an appellate court can properly consider errors occurring at trial, we hereby vacate the

trial court's order denying Lyons' motion for new trial, which includes the trial court's ruling on Lyons' motion objecting to the trial transcript. This case is remanded to the trial court for the trial court to hold a hearing in compliance with OCGA § 5-6-41 (f). After that hearing is held and the trial court rules on Lyons' motion objecting to the trial transcript, the trial court shall give Lyons an opportunity to amend his motion for new trial and hold a new hearing on the motion for new trial. The trial court shall then enter a new order addressing Lyons' motion for new trial.

2. Lyons has filed numerous motions in this Court, including motions to alter or amend prior orders entered by this Court in the case, motions objecting to the fairness of his appeal, a motion objecting to procedures employed by this Court, a motion to file a supplemental brief, and a motion requesting an extension of time to file a brief. This Court hereby DENIES all of Lyons' outstanding motions.

*Order vacated and case remanded. Miller, P. J., and Mercier, J., concur.*